**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JERRY LYNN HIGH,
Plaintiff-Appellant,

v.

RALPH VAUGHT, Administrator of

Horry County Jail; SHERLY ANN
MARTIN, Nurse of Horry County
Jail,
Defendants-Appellees.

No. 95-6555

Appeal from the United States District Court
for the District of South Carolina, at Florence.
David C. Norton, District Judge.
(CA-91-3723-4-18AJ)

Submitted: July 25, 1995

Decided: April 19, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jerry Lynn High, Appellant Pro Se. Mark Wilson Buyck, Jr.,
L. Hunter Limbaugh, WILLCOX, MCLEOD, BUYCK, BAKER &
WILLIAMS, P.A., Florence, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry Lynn High appeals from district court orders dismissing Defendant Martin and granting summary judgment in favor of Defendant Vaught. Both orders were entered by adopting a magistrate judge's recommendations. We affirm the latter but vacate the former and remand for further proceedings.

High filed a complaint alleging that, while a pre-trial detainee, he was handcuffed in his underwear to an outside fence by an officer Floyd due to his attempts to gain medical care. He also alleged that Sherly Ann Martin* denied him medical care. The district court dismissed Defendant Martin for improper service of process and because no such person ever worked for the jail where High allegedly was mistreated. The district court erred.

First, it was the district court that directed the United States Marshal's Service to serve the summons and complaint in this action because High was proceeding in forma pauperis. See Fed. R. Civ. P. 4. Thus, High is not responsible for the errors in service, nor is it surprising that he did not explain his failure properly to serve any unnamed but possibly responsible defendant during the 120 days following the filing of the complaint.

Second, the district court did not follow the dictates of Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978), at the time it dismissed Martin. While Martin may not exist, there was evidence in the record that an Officer Sharon Martin did work at the jail, and that there was a nurse, whose name was Gloria Ann Anderson, at the jail at the time High was detained there. High

_____

*Martin's name has been spelled differently in pleadings and styles in the court below. We follow the district court clerk's styling.

2

should have been given an opportunity to name the proper party and been advised how to proceed. Id.. Further, the district court continued with the action only with respect to a single defendant, Vaught, when the body of the complaint named another officer, Floyd, directly responsible for High's being chained to the fence. Again, Gordon directs more from the district court where such an allegation is made: High should have been advised that the other officer was not named in the complaint style and informed how to proceed. Id. Because the district court failed to follow Gordon, we vacate the district court order dismissing Martin to the extent that the action be remanded for proceedings in accordance with Gordon. We express no opinion on the merits of High's claims against properly named parties.

After the dismissal of Martin, the district court granted summary judgment in favor of Defendant Vaught. We have reviewed the record and find no reversible error with regard to that order. We, therefore, affirm that order on the reasoning of the district court. High v. Vaught, No. CA-91-3723-4-18AJ (D.S.C. Mar. 28, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3